UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE ISMAEL RECINOS ACOSTA, | CASE NO. 2:26-cv-01287-JHC |
| Petitioner, | ORDER RE: PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| WARDEN NORTHWEST DETENTION CENTER, | |
| Respondent. | |

This matter comes before the Court on Petitioner's Motion for Temporary Restraining Order. Dkt. # 3. The Court has reviewed the Motion, pertinent portions of the record, and the applicable law. Over 24 hours have passed since service of the motion and Respondents have not indicated that they intend to respond. *See generally* Dkt.*; see also* LCR 65(b)(5). For the reasons below, the Court DENIES the motion.

District courts may grant a temporary restraining order (TRO) "to preserve the Court's jurisdiction and to maintain the status quo" while the case is pending. *Alvarado v. Wamsley*, 2025 WL 3282423, at *1 (W.D. Wash. Nov. 25, 2025) (citing *A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025)). To receive a TRO, a petitioner must establish: (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public

ORDER RE: PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER - 1

interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for issuing a TRO is "substantially identical" to that of a preliminary injunction). In the Ninth Circuit, a petitioner can also receive a TRO by showing that there are "serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Here, it appears that a TRO is not warranted at this time. While Petitioner has shown that there are "serious questions going to the merits" of his detention, he has not alleged that his removal or transfer is imminent, nor has he alleged any other facts that would indicate Petitioner must me immediately released for his health or safety. *See generally* Dkt. # 3. Without an alleged imminent removal or other imminent harm, the Court sees no likelihood of suffering irreparable harm or threat to maintaining the status quo during the pendency of Petitioner's habeas petition.

Accordingly, the Court DENIES Petitioner's Motion without prejudice. Dkt. # 3. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 16 day of April, 2026.

John H. Chun
United States District Judge

ORDER RE: PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER - 2